McKiNNEY, J.,,
delivered the opinion of the Court.
This was an action of ejectment to recover a lot of ground in the town of Chattanooga. The plaintiff’s supposed title, is derived under a sale of said lot made for the corporation tax due thereon, for the year 1855.
The case turns upon the question, whether the act of 1844, ch. 92, sec. 1; which provides, that “ all judgments or' orders of sale, shall be conclusive, unless the person wishing to show the irregularity of the same, ■can -prove that the" taxes " were duly paid, before such judgment or order of sale was rendered,” is applicable to this case.
By the act of the General Assembly, incorporating the town of Chattanooga, passed 20th December, 1839, amongst other powers conferred upon the corporation, is the. power “to lay and collect taxes.” By an ordinance ’of ■ the corporation, passed on the 20th January, 1854, it is provided: “That a yearly tax, of five mills, on, the dollar, be assessed upon the value of all. town lots,” &c. By the same ordinance, provision is made for the assessment and collection of taxes upon all property subject to taxation.
It appears from the proof, that no ordinance was •passed, assessing a .tax for the year 1855. ■ The city council simply gave the recorder verbal directions to make out a list according to the rates fixed by the ordinance of 1854; but no minute of this was ever made upon the records of the corporation.
*477 Upon this proof, it was insisted for tbe defendant, that the tax collector of the corporation had no lawful authority to collect a tax on the lot in question, for the year 1855, and consequently, that the levy and sale of said lot, for the tax of that year, were- void! And for the plaintiff, it was contended that the'defendant could not, on this ground, impe'ach the sale, having failed to show that the taxes were duly paid. The Court held, that the act of 1844 did not apply to this case, and that upon the facts before stated, the sale was void. And verdict and judgment were rendered for the defendant. ;
For the plaintiff, it is argued here, and 'with some plausibility, that by the act of 1858-4, ch. 188, see. 2, sales of lots in the town of Chattanooga, for unpaid corporation taxes, are placed upon precisely the same footing, in all respects, with lands sold for State and county taxes, by the act of 1844. This conclusion rests upon mere inference or construction; the act of 1853-4 does not so declare; and however plausible it may be, we do not assent to its correctness. The act of 1844, in its terms, applies only to sales of lands for' public taxes; it has no application to sales of lands for private or corporation taxes; and the provision of the act, precluding the party from impeaching the ‘sale, unless he shall first “ prove that the taxes were duly paid, before judgment or order of sale was rendered,” is of such a character as, in our judgment, forbids its adoption, by mere implication, in construing the act of 1853-4. Nothing short of an express declaration of the legislative will, would, in our opinion, be a sufficient *478 warrant for tbe application of that provision to any case, not within the express letter of the act of 1844.
But, if it were admitted that this provision of the act of 1844, was incorporated into ; the act of 1858-4: Still, the sale of the lot in question must be held void, on the ground that there had been no legal assessment of a corporation tax for the year 1855.
The corporation, by virtue of the legislative power delegated by the act of incorporation, had prescribed for itself, the mode in which taxes for corporation purposes should be assessed and collected. And the mode thus prescribed, being within the scope of the charter, was, while it remained unchanged, quite as imperative and binding upon the corporation, as would have been an act of the Legislature.
The mode prescribed, as we have already seen, was a “yearly tax,” to be assessed upon the property subject to taxation. And this, of course, could be done in no other manner than by an ordinance or resolution of the corporation, placed upon its records. The verbal direction to the officer or agent, to assess and levy a tax for the year 1855, was, therefore, simply a nullity. The power of taxation cannot be thus exercised. A corporation cannot act in this method. The evidence of its legislative acts, must be sought for, and found elsewhere than in the “breast” of the corporation, it cannot rest in parole.
In this view, the assessment of the tax, and the condemnation and sale of the lot, were all utterly void. And being so, it would have been perfectly admissible, even if the act of 1844 were held applicable, to have impeached the proceedings and sale, without proof of *479 payment of the taxes, on the ground of want of jurisdiction, as held in Williams vs. Harris, 4 Sneed, 332.
It follows, that there is no error in the judgment, and it will be affirmed.